IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMERICAN HEARTLAND PORT, INC.,
JO LYNN KRAINA, SHELLEY REED
and MISTY SHANNON,

        Plaintiffs,

v.                                  Civil Action No. 5:11CV50
                                               (STAMP)

AMERICAN PORT HOLDINGS, INC.,
a Delaware corporation,
DANIEL L. DICKERSON, ANDREW S. FELLOWS,
STANLEY BALLAS, JAMES MARTODAM and
JAMES C. BRECKINRIDGE, individually,
PATRICK NICHOLAS DICARLO, an individual,
CHANNEL POINT PARTNERS, a corporation,
ALLIED INVESTMENT PARTNERS PJSC,
a foreign corporation and
ARCELORMITTAL WEIRTON, LLC, a corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS AS FRAMED
## AS TO DEFENDANT PATRICK NICHOLAS DICARLO

### I.  Background

On March 25, 2011, the plaintiffs, American Heartland Port, Inc. ("American Heartland"), Jo Lynn Kraina ("Kraina"), Shelley Reed, and Misty Shannon, brought their original claim against certain above-named defendants on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  In their complaint, the plaintiffs allege claims of fraud and misrepresentation, breach of contract, equitable estoppel, misappropriation of corporate assets, unjust enrichment, breach of fiduciary duties as to all individually named defendants, legal malpractice and breach of

fiduciary duty by defendant James Breckinridge, and interference with business opportunities and prospective advantage. As relief, the plaintiffs sought compensatory damages in excess of $75,000.00, disgorgement of any unjust enrichment, punitive damages, and attorney's fees.

After the parties filed their meeting report and proposed discovery plan, this Court entered an initial scheduling order. This scheduling order was thereafter amended as a result of discovery issues and this Court scheduled this case for trial to commence on October 30, 2012. The parties did not file dispositive motions in this action prior to the trial date. Before trial, however, the parties did file motions in limine and other trial related documents. On the day before trial, the parties notified this Court that they had reached a tentative settlement, but indicated that such settlement still needed finalized, and requested that they be given six months to do so. Therefore, based on this notification, this Court entered an order staying the proceedings until April 29, 2013.

On April 3, 2013, the plaintiffs filed a motion seeking this Court's acknowledgment that the tentative settlement was withdrawn and void as of April 29, 2013, and requesting that this Court require the defendants to supplement discovery and provide the plaintiffs with a report concerning the status of the settlement. This Court, after holding a status conference concerning the

plaintiffs' motion, directed the parties to meet and confer about a possible discovery plan and protective order regarding discovery. The parties then filed a proposed 60-day discovery plan and stipulated protective order, which this Court approved.

After the expiration of the discovery plan, this Court held a status and scheduling conference. During this conference, the plaintiffs indicated that they may file a motion to amend the complaint based on what they discovered during the 60-day discovery plan. After the conference, this Court entered an amended scheduling order, which allowed for additional time for the plaintiffs to submit a motion to amend the complaint. The plaintiffs submitted their motion to amend on September 10, 2013. Through this motion, the plaintiffs sought to add additional parties and additional claims to their original complaint. The original defendants and Arcelormittal Weirton, LLC ("Arcelormittal") both filed responses in opposition to the plaintiffs' motion to amend. The original defendants argued that the plaintiffs' proposed amendments are unduly delayed and will unduly prejudice the defendants. ArcelorMittal argued that the timing and circumstances do not demonstrate that justice requires leave to amend. Further, ArcelorMittal argued that any claim against ArcelorMittal or its counsel, Dale Papajcik ("Papajcik"), would be futile and claims against Papajcik would divest this Court of subject matter jurisdiction.

After reviewing the motion to amend and the briefing in opposition to the motion, this Court granted the motion to amend in part and denied the motion in part. Specifically, this Court denied plaintiffs' motion to amend Count IV and V, which were respectively plaintiffs' claims for misappropriation of corporate assets and unjust enrichment. This Court found that such claims were preempted by West Virginia's enactment of the Uniform Trade Secrets Act ("WVUTSA"). Further, insomuch as the plaintiffs sought to add Dale Papajcik, who is Arcelormittal's attorney, as a party to any of the existing or additional counts of the amended complaint, this Court denied such motion. This Court found that the addition of Papajcik would divest this Court of subject matter jurisdiction. This Court granted plaintiffs' motion to amend to add Arcelormittal and Patrick N. DiCarlo ("DiCarlo") to Count VI, which is the plaintiffs' count concerning the breach of fiduciary duties. This Court also granted the plaintiffs' to amend Count VIII to add additional allegations and to add Arcelormittal as a party. Count VIII is the plaintiffs' claim for tortious interference. Further, this Court granted the plaintiffs' motion to amend insomuch as it sought to add an additional three counts. The first additional count asserts a claim against the original defendants for the violation of the doctrine of good faith and fair dealing in working with others to sabotage the settlement agreement. The second additional count is a claim against the

4

original defendants, DiCarlo, and ArcelorMittal for liability based on the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), or under a theory of accomplice liability. The last additional count is a claim for breach of the duty of loyalty by DiCarlo and the original defendants.

After the plaintiffs filed their amended complaint, DiCarlo, a newly added defendant, filed a motion to dismiss. In support of his motion to dismiss, defendant DiCarlo argues that: (1) the amended complaint must be dismissed because this Court lacks subject matter jurisdiction due to a lack of diversity jurisdiction; (2) the plaintiffs lack standing to assert claims on behalf of American Port Holdings; and (3) even if this Court had subject matter jurisdiction, the amended complaint must be dismissed as to defendant DiCarlo because: (i) Counts IV and V, which are plaintiffs' claims for misappropriation of corporate assets and unjust enrichment, are preempted by the West Virginia Uniform Trade Secrets Act; (ii) Count X, which is plaintiffs' claim under the WVUFTA, is not a recognized cause of action in West Virginia; and (iii) Counts VI and XI, which are claims for breach of fiduciary duties and for breach of loyalty, lack sufficient factual allegations to state a plausible claim for relief.

The plaintiffs responded arguing that: (1) this Court does not lack subject matter jurisdiction because plaintiff Kraina is a citizen of West Virginia and DiCarlo is a citizen of California;

(2) plaintiffs are asserting claims on behalf of themselves individually and on behalf of plaintiff American Heartland Port; (3) the WVUTSA does not preempt Counts IV and V; (4) West Virginia does recognize or would recognize the cause of action in Count V under the WVUFTA; and (5) Counts VI and XI contain sufficient factual allegations to state a plausible claim for relief.

Defendant DiCarlo replied reasserting his initial arguments and contesting those of the plaintiffs. After reviewing the parties' briefing, this Court found that it would be beneficial to order further briefing on the issue of whether DiCarlo was an indispensable party or whether he should be dismissed pursuant to Rule 21 of the Federal Rules of Civil Procedure if this Court were to find that the addition of DiCarlo as a party destroyed diversity. All parties thereafter, submitted briefs on these issues.

For the reasons stated below, this Court grants defendant DiCarlo's motion to dismiss for lack of subject matter jurisdiction and dismisses DiCarlo from this civil action pursuant to Rule 21.

## II. Applicable Law

The Federal Rules of Civil Procedure provide that, prior to filing a responsive pleading, a defendant may challenge the district court's subject matter jurisdiction over the claims brought against it by filing a motion to dismiss under Rule 12(b)(1). The federal district courts are courts of limited

jurisdiction, and may only hear cases over which they have been granted jurisdiction either by statute or by the Constitution. When a defendant brings a motion under Rule 12(b)(1), a court must dismiss the case against it if the court finds that it "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Once subject matter jurisdiction has been challenged, it is the plaintiffs' "burden of proving that subject matter jurisdiction exists." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Further, because subject matter jurisdiction cannot be waived by the court or by the parties, and if lacking, renders the district court wholly unable to rule on any matter in controversy, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court "may refer to evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, F. & P. R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

## III. Discussion

### A. Diversity

Under 28 U.S.C. § 1332, this Court cannot exercise jurisdiction if a plaintiff and a defendant are citizens of the same state. Citizenship is determined at the time an action commences. Athena Automotive, Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999). A party's citizenship for diversity purposes

is the state in which the party is domiciled.  <u>Newman-Green, Inc.</u> <u>v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").  While a person may have more than one residence, the person can only have one domicile for purposes of diversity jurisdiction.  <u>Dryer v. Robinson</u>, 853 F. Supp. 169, 172 (D. Md. 1994) (citing <u>Williamson v. Osenton</u>, 232 U.S. 619 (1914)).  To establish domicile, "there must be both a change of residence and an intent to remain at the new residence indefinitely; the old domicile continues even when there is a change of residence until there is an intent to create a new home." <u>Id.</u> (citing <u>Hakkila v. Consolidated Edison Co.</u>, 745 F. Supp. 988, 990 (S.D. N.Y. 1990)).

In determining a person's domicile, factors often taken into account are: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity."  13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 1998).

Ultimately, as stated above, it is the plaintiffs' burden to establish subject-matter jurisdiction. Evans, 166 F.3d at 647.

The defendant argues that plaintiff Kraina and defendant DiCarlo were both domiciled in California at the commencement of this action, and the addition of DiCarlo therefore destroys diversity. In response, the plaintiffs make two arguments. First, the plaintiffs assert that because this Court had subject-matter jurisdiction over all original parties to this suit, this Court need not go any further into an analysis as to whether all parties now joined are also diverse. This Court disagrees with such contention.

In support of their argument, the plaintiffs rely on Freeport-McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426 (1991). The Supreme Court in Freeport-McMoran, found that the substitution of a diverse plaintiff for a non-diverse plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure did not divest the district court of subject matter jurisdiction. Freeport-McMoran, 498 U.S. at 427-29. The United States Court of Appeal for the Fourth Circuit, however, has stated that such holding does not stand for the proposition that a district court can maintain subject-matter jurisdiction over any action so long as the addition occurs after the commencement of the litigation. Martinez v. Duke Energy Corp., 130 F. App'x 629, 635 (4th Cir. 2005). If that were so, "plaintiffs would be free to circumvent the requirement of complete

diversity simply by suing one or more diverse joint tortfeasors and then adding by amended complaint any and all nondiverse joint tortfeasors." _Id._ Accordingly, in <u>Martinez</u>, the Fourth Circuit upheld the district court's finding that the addition, rather than substitution, of a non-diverse defendant did destroy diversity jurisdiction.

A similar situation, as that found in <u>Martinez</u>, is present in this action. At the commencement on this suit on March 25, 2011, there is no argument that the plaintiffs and defendants were diverse for purposes of § 1332. On October 9, 2013, this Court granted the plaintiffs' motion to amend their complaint in part, and allowed the joinder of defendant DiCarlo. Due to the joinder of additional defendants, this Court must now determine whether the parties are diverse, as did the district court in <u>Martinez</u>. It cannot rest on a finding that diversity existed at the time the plaintiffs commenced the civil action because the plaintiffs thereafter sought to join additional defendants.

The plaintiffs argue that if this Court does not accept their argument relying on <u>Freeport-McMoran</u>, Kraina has nonetheless always remained domiciled in West Virginia, rather than in California. Thus, the plaintiffs assert that diversity still exists regardless of what standard this Court applies as to when diversity must be established. In support of such proposition, the plaintiffs attach an affidavit from Kraina, in which she asserts that while she does

currently live in California, she still considers herself a resident of West Virginia, maintains a West Virginia driver's license, and intends to move back to West Virginia when she is economically able to do so.[1] ECF No. 258 Ex. 1. The plaintiffs also attach an additional affidavit from Kraina to the plaintiffs' supplemental briefing for this motion, in which she states that at the time she is making the declaration, she is in West Virginia and will no longer be seeking work in California.

The defendants argue in opposition, that Kraina was domiciled in California at the commencement of this action. Specifically, the defendants assert that the following facts, taken together, establish her domicile in California: (1) Kraina has been and continues to reside in California; (2) Kraina is registered to vote in California; (3) Kraina is a member of the Creator's Church, located in California; (4) Kraina is the proprietor of a business, Kraina Pastries, located in California; and (5) Kraina's children reside with her in California. The defendants contend that given these facts, Kraina's self-serving affidavit regarding her

---

[1]This Court notes that this affidavit is somewhat confusing. Initially, Kraina states that at the time of filing the complaint, she resided in West Virginia, but then states that in or about January 2011, she set up temporary domicile in California. ECF No. 258 Ex. 1. This Court notes, however, that this action was commenced on March 25, 2011 -- three months after Kraina supposedly started to reside in California. Kraina intends to correct such statement in a separate affidavit filed with the supplemental briefing ordered by this Court, and states that she has only been residing in California since April 2011. ECF No. 296 Ex. 1.

11

intention to move back to West Virginia and remain a citizen of West Virginia lacks credibility. The plaintiffs did not contest any of the above facts concerning Kraina.

This Court first notes that "in determining the essential elements of domicile, statements of intention are entitled to little weight when in conflict with the facts." Webb v. Nolan, 361 F. Supp. 418, 421 (M.D. N.C. 1972) (citation omitted). Such conflict exists in this matter. Based on Kraina's initial affidavit and deposition, she has been residing in California since prior to the commencement of this action. Since that time, she has registered to vote in California, established a business, and joined a church. The fact that Kraina retained her West Virginia driver's license is overshadowed by the ties she established to California and her statements of intent are in conflict with her actions. Of great importance is Kraina's voter registration, as "'[v]oting raises a presumption that the voter is a citizen in the state in which he votes,' and the presumption must be rebutted by evidence showing a clear intention that his citizenship is otherwise." Griffin v. Matthews, 310 F. Supp. 341, 343 (M.D. N.C. 1969) (quoting Messick v. Southern Pennsylvania Bus Co., 59 F. Supp. 799 (1945)). This Court does not believe that Kraina's affidavit and the maintenance of a West Virginia driver's license overcomes such presumption. Further, the fact that Kraina allegedly has moved back to West Virginia as of February 26, 2014,

does not negate the fact that she resided and established ties in California for the past three years. Accordingly, this Court finds that Kraina was a citizen of California when this action was filed. As there is no dispute that DiCarlo was a citizen at the time he was joined, this Court finds that diversity between the plaintiffs and defendants no longer exists.

B.   Federal Rule of Civil Procedure 21

In his motion to dismiss, DiCarlo asserts that because this Court lacks subject-matter jurisdiction because diversity no longer exists, it must dismiss the amended complaint. This Court disagrees. Rule 21 of the Federal Rules of Civil Procedure, provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." As stated by the Supreme Court, this rule "invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc. V. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). Not only does Rule 21 invest this Court with authority to allow the nondiverse party to be dropped, but "if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them." Id. at 835 (emphasis added). Thus, this Court must first determine whether DiCarlo is an indispensable party under Rule 19. Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 n.23 (4th Cir.

1978). If he is not an indispensable party, this Court should dismiss him in accordance with the Supreme Court's direction regarding Rule 21 if this Court finds that such dismissal can be achieved without causing prejudice to the remaining parties. <u>Martinez</u>, 130 F. App'x at 637-38 (after determining that the nondiverse defendant was not indispensable, the court then turned to the question of whether the remaining parties would be prejudiced by the dismissal of the defendant).

Rule 19(a)(1) states that:

A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In response to this Court's order directing the parties to brief the issue of DiCarlo's indispensability, all parties, including the plaintiffs, assert that DiCarlo is not an indispensable party to this litigation. Thus, all parties agree that if this Court finds that diversity jurisdiction is destroyed by DiCarlo's presence in this litigation, he should be dismissed pursuant to Rule 21. This Court also agrees that DiCarlo is not an indispensable party.

DiCarlo is named a joint tortfeasor in the plaintiffs' amended complaint. "A joint tortfeasor is not per se an indispensable party under Rule 19." <u>Letmate v. Baltimore and O.R.R.</u>, 311 F.

14

Supp. 1059, 1063 (D. Md. 1970) (citation omitted). Other defendants besides DiCarlo are named in all counts of the plaintiffs' amended complaint in which DiCarlo is named. Therefore, there is no question that as to these counts, the remaining joint tortfeasors will be responsible and will be obligated to provide any awarded relief to the plaintiffs. Thus, this Court finds that Rule 19(a)(1)(A) concerning complete relief does not apply. As to Rule 19(a)(1)(B) concerning DiCarlo's interest in the subject matter of this action, DiCarlo asserts that he does not have any such interest and such assertion is not contested by the plaintiffs. Accordingly, this Court finds that DiCarlo is not an indispensable party under either Rule 19(a)(1)(A) or (B).

As to prejudice, the plaintiffs do not allege that the dismissal of DiCarlo will prejudice them in any way. Further, the remaining defendants state that they will also not be prejudiced by DiCarlo's dismissal. This Court notes that the original parties to this action have been actively litigating this matter since March 2011. Dismissal at this late stage would be counterproductive, and is not in the parties' interests who have invested much time and effort in this litigation. Therefore, pursuant to Rule 21, this Court exercises its authority to dismiss DiCarlo, the nondiverse defendant, from this civil action and maintain subject-matter jurisdiction.

## IV.  Conclusion

For the reasons stated above, defendant Patrick Nicholas DiCarlo's motion to dismiss is GRANTED AS FRAMED as to defendant Patrick Nicholas DiCarlo.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   March 21, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE