IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMERICAN HEARTLAND PORT, INC.,
JO LYNN KRAINA, SHELLEY REED
and MISTY SHANNON,

    Plaintiffs,

v.                                   Civil Action No. 5:11CV50
                                              (STAMP)
AMERICAN PORT HOLDINGS, INC.,
a Delaware corporation,
DANIEL L. DICKERSON, ANDREW S. FELLOWS,
STANLEY BALLAS, JAMES MARTODAM and
JAMES C. BRECKINRIDGE, individually,
PATRICK NICHOLAS DiCARLO, an individual,
CHANNEL POINT PARTNERS, a corporation,
ALLIED INVESTMENT PARTNERS PJSC,
a foreign corporation and
ARCELORMITTAL WEIRTON, LLC, a corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR THE COURT
TO MODIFY THE PREVIOUSLY ENTERED
PROTECTIVE ORDERS FOR PURPOSES OF TRIAL**

I. Background

    The plaintiffs, American Heartland Port, Inc. ("American Heartland"), Jo Lynn Kraina ("Kraina"), Shelley Reed, and Misty Shannon, brought their original complaint against defendants Daniel L. Dickerson ("Dickerson"), Andrew S. Fellows, Stanley Ballas, James Martodam, James C. Breckinridge, and American Port Holdings (hereinafter "original defendants")[1] on the basis of diversity

---

[1] Prior to trial, the plaintiffs agreed to dismiss all claims against both defendant Stanley Ballas ("Ballas") and defendant James Martodam ("Martodam"). Defendant and counter-claimant

jurisdiction pursuant to 28 U.S.C. § 1332. The defendants in answering the complaint, asserted counterclaims against the plaintiffs for defamation and invasion of privacy. After the amendment of the plaintiffs' complaint and the dismissal of certain claims and counterclaims, the claims that remain in dispute are plaintiffs' claims for fraud and misrepresentation, misappropriation of corporate assets, unjust enrichment, breach of fiduciary duty, legal malpractice, tortious interference with business opportunities or expectancies, and the original defendants' defamation counterclaim. As this case has been ongoing since March 2011, the parties are familiar with the facts and procedural history of this case. Accordingly, for purposes of this opinion, further recitation of the background of this case is unnecessary.

Currently pending before this Court is plaintiffs' motion to modify the previously entered protective orders for purposes of trial. In their motion, the plaintiffs request that they be able to use the following exhibits in their unredacted form at trial: (1) Exhibit No. 68, which is a real estate contract; (2) Exhibit No. 84, which is a list of the liabilities of defendant American Port Holdings; and (3) Exhibit No. 247, which is an email thread concerning "draft compensation information" between defendant

---

Martodam has also dismissed his counterclaim against the plaintiffs, and defendant and counter-claimant Ballas has dismissed his counterclaim against the plaintiffs.

Dickerson and Patrick Nicholas DiCarlo ("DiCarlo"). The plaintiffs make no clear argument as to why they wish to have Exhibit Nos. 68 and 84 presented at trial in their unredacted form. As to Exhibit No. 247, the plaintiffs state that this exhibit should not have been redacted by the parties because it was not marked as for "attorneys' eyes only" or as confidential. The plaintiffs assert that pursuant to the current protective orders, redaction is only permitted if the documents are marked as such.

In response to the plaintiffs' motion, the original defendants[2] argue that as to Exhibit No. 68, the plaintiffs have failed to indicate why this document should be redacted and for what purposes it serves in the claims against the original defendants. The original defendants assert that the redacted portions have no bearing on or relevance to the claims. As to Exhibit No. 84, the original defendants argue that the current redactions should remain because such redactions include the amount of legal fees owed to their attorneys and such information is highly prejudicial and proprietary to the attorneys' firm. The original defendants also argue that further redaction of the document is needed as well. They assert that the name of the attorneys' firm should be redacted and the reference to the

---

[2]ArcelorMittal Weirton, LLC, a defendant in the amended complaint now dismissed by this Court but a party at the time of the entry of the protective orders, also filed a response to the plaintiffs' motion. See ECF No. 481.

tentative settlement should be redacted based on this Court's previous statements. As to Exhibit No. 247, the original defendants state that this document is an email thread that occurred after the cut-off date for testimony and other presentation of evidence set by this Court and, therefore, it should not be admissible for any purpose, including in its unredacted form.

## II. Discussion

"Courts have the inherent power to modify protective orders, including protective orders arising from a stipulation by the parties." SmithKline Beecham Corp. v. Synthon Pharmaceuticals, Ltd., 210 F.R.D. 163, 166 (M.D. N.C. 2002) (citations omitted). In determining whether to modify a protective order, a court may consider a number of factors including, "the reason and purpose for a modification, whether a party has alternative means available to acquire the information, the type of protective order which is at issue, and the type of materials or documents which are sought." Id. "The party seeking to modify a protective order bears the burden of showing good cause for the modification." Id. (citations omitted).

A. Exhibit No. 68

As stated above, Exhibit No. 68 is a real estate contract between ArcelorMittal Weirton, LLC. In requesting that the protective order be modified as to this document, the plaintiffs

have not provided any reason for why these documents need the redactions removed for purposes of trial. In addition to arguing that the plaintiffs have not provided a reason for removing the redactions, the original defendants also argue that the redacted portions bear no relevance to the plaintiffs' claims. This Court, however, feels it unnecessary to even consider whether such redacted information is relevant, as the plaintiffs have failed to carry their burden of showing good cause for the modification of the protective order. Accordingly, plaintiffs' motion for modification of the protective order concerning Exhibit No. 68 must be denied.

B.  Exhibit No. 84

Exhibit No. 84 is a document listing the liabilities of defendant American Port Holdings. Again, the plaintiffs offer no explanation for why this Court should modify the protective order concerning this document and allow it to be presented in its unredacted form. The original defendants argue that the redacted portions contain information regarding the original defendants' liabilities to their attorneys, which is unfairly prejudicial and should remain redacted. Further, the original defendants seek that the name of the original defendants' attorneys' firm also be redacted as well as reference to the settlement agreement based on this Court's previous statements.

First, this Court again must deny the plaintiffs' request that this document be unredacted for trial. The plaintiffs have failed to carry their burden of showing good cause for the modification. Instead, they have offered no reason for the removal of the redactions. Second, this Court finds good cause exists concerning to the original defendants' request that the exhibit be redacted further to remove the attorneys' firm name and reference to the settlement. The reference to the firm is prejudicial and any reference to the tentative settlement agreement is inadmissible pursuant to Rule 408 of the Federal Rules of Evidence.

C.  Exhibit No. 247

Exhibit No. 247 is an email thread between Dickerson and DiCarlo concerning "draft compensation information" which is dated January 20, 2014. The plaintiffs assert that the original defendants should not have originally redacted this document pursuant to the protective orders in place because it was not marked for "attorneys' eyes only" or as confidential. Accordingly, the plaintiffs seek to have this document presented in its unredacted form. The original defendants argue that based on this Court's letter to all parties on June 27, 2014, which indicated the cut-off date for testimony and other presentation of evidence in May 21, 2013, such email thread is inadmissable. Further, the original defendants indicate that despite the plaintiffs'

contentions otherwise, the exhibit was submitted in a category of documents marked "highly confidential."

This Court need not resolve the dispute concerning whether the exhibit was marked as confidential. Instead, this exhibit is inadmissible based on this Court's letter ruling to the parties on June 27, 2014, which indicated that the cut-off date for evidence and testimony for trial was May 21, 2013. <u>See</u> ECF No. 465. Accordingly, not only does this Court find that the redactions should not be removed, this Court finds that the exhibit as a whole is inadmissable at trial. Accordingly, the motion to modify the protective orders is denied as to Exhibit No. 247.

### III. <u>Conclusion</u>

For the reasons stated above, the plaintiffs' motion to modify the protective orders for purposes of trial (ECF No. 455) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: July 3, 2014

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE