IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AMERICAN HEARTLAND PORT, INC.,
JO LYNN KRAINA, SHELLEY REED
and MISTY SHANNON,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 5:11CV50
　　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
AMERICAN PORT HOLDINGS, INC.,
a Delaware corporation,
DANIEL L. DICKERSON, ANDREW S. FELLOWS,
STANLEY BALLAS, JAMES MARTODAM and
JAMES C. BRECKINRIDGE, individually,
PATRICK NICHOLAS DICARLO, an individual,
CHANNEL POINT PARTNERS, a corporation,
ALLIED INVESTMENT PARTNERS PJSC,
a foreign corporation and
ARCELORMITTAL WEIRTON, LLC, a corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART ORIGINAL DEFENDANTS' REQUEST FOR COSTS,**
**DENYING IN PART THE REQUEST FOR EXPERT WITNESS FEES,**
**OVERRULING THE PLAINTIFFS' OBJECTIONS AND**
**DIRECTING ORIGINAL DEFENDANTS TO FILE AN AMENDED BILL OF COSTS**

I.　Background[1]

Pending before this Court is a bill of costs (ECF No. 504) filed on behalf of defendants American Port Holdings, Inc., Daniel Dickerson, Andrew S. Fellows, Stanley Ballas, James Martodam, and James C. Breckinridge ("original defendants")[2] following a jury

---

[1]For a full factual and procedural history of this civil action, see ECF Nos. 499 and 526.

[2]It should be noted that on the bill of costs at issue, "American Port Holdings, Inc., et al." is listed as the claiming party. Under the docket, the bill of costs is listed as being filed by the original defendants. Moreover, in the parties'

trial in this civil action, which took place from July 1, 2014 to July 9, 2014. The jury rendered a verdict for the original defendants and against those defendants on their counterclaim.[3]

This bill of costs seeks the taxation of costs in the amount of $61,236.65, itemized as follows:

| Fees for service of summons and subpoena | $ 373.78 |
|---|---|
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $10,453.11 |
| Fees for witnesses | $ 94.39 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $ 3,157.70 |
| Other costs | $47,157.67 |
| **TOTAL** | **$61,236.65** |

The plaintiffs filed objects to the original defendants' bill of costs, to which the original defendants replied. ECF Nos. 518 and 520, respectively. In the original defendants' reply, they indicate their withdrawal of certain costs listed under the

---

filings, they refer to the bill of costs as being filed by all of the original defendants. Therefore, this Court will proceed and rule on the bill of costs under the assumption that the bill of costs was filed on behalf of the original defendants.

[3]Similar findings were made by the jury on plaintiffs' claims as to another defendant, Arcelormittal Weirton, LLC. That defendant has also filed a separate bill of costs (ECF No. 501), which is not before this Court at this time.

2

category of "other costs." The costs withdrawn amount to $11,412.17, so that the remaining total costs sought by the original defendants amount to $49,824.48. The plaintiffs object to the bill of costs in its entirety, but specifically to the award of expert witness fees, and certain other costs.[4] With the above mentioned withdrawal of certain costs by the original defendants in their reply, the central remaining dispute is to the "other costs" regarding expert witness fees.

After resolution of the plaintiffs' appeal to the United States Court of Appeals for the Fourth Circuit, this Court on February 1, 2016, conducted a hearing regarding the original defendants' bill of costs as modified. ECF No. 561. At that hearing, this Court heard from counsel for the parties on the original defendants' bill of costs. Plaintiffs Jo Lynn Kraina and Shelley Reed attended by telephone. No testimony was taken and no additional exhibits were offered. This Court GRANTED IN PART the original defendants' bill of costs as modified, and DENIED the request for expert witness fees as requested. Moreover, this Court OVERRULED the plaintiffs' objections to that bill of costs, and DIRECTED the original defendants to file an amended bill of costs. The details of this Court's rulings are more thoroughly discussed and confirmed below.

---

[4]See items 7(a) through 7(f) in plaintiffs' objections. ECF No. 518.

## II. Applicable Law

Rule 54(d)(1) of the Federal Rules of Civil Procedure states the following:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

The Fourth Circuit has held that Rule 54(d) "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)). Therefore, the "losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991); accord In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462-63 (3d Cir. 2000). The Fourth Circuit has also stated that "[c]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." Cherry, 186 F.3d at 446. Nonetheless, "the ultimate decision to award costs is within the district court's discretion." M.T. Bonk Co., 945 F.2d at 1409.

III. Discussion

The plaintiffs asserted three primary arguments against the costs sought by the original defendants. First, the plaintiffs believe that they cannot afford to pay the costs, which originally amounted to $61,236.65, but, with the withdrawal made by the original defendants, amount to $49,824.48. See ECF No. 504. Second, the plaintiffs argued that because the plaintiffs did not prevail on their claims, and because the defendants failed as to their counterclaim at trial, neither party prevailed for cost purposes. Therefore, the plaintiffs believe neither party, but particularly the defendants, should recover their costs. Third, they argue that the original defendants' request for expert witness fees should be either stricken due to the plaintiffs' alleged indigency, or alternatively, limited as provided under 28 U.S.C. § 1821.

In opposition to the plaintiffs' arguments, the original defendants first point out that the plaintiffs offer no proof of their indigency. Second, the original defendants argue that little, if any, of the costs should be apportioned to the counterclaim. In support of that argument, the original defendants note that the counterclaim was a minor issue at the trial compared to the numerous claims tried before the jury, and that little of the litigation costs can be attributed to solely the counterclaim. Third, the original defendants believe that the amounts should not

5

be capped at the statutory limit of $40.00 per day, but admitted that the granting of their expert witness fees as requested under their bill of costs would be an exception to the rule under 18 U.S.C. § 1821.

At the conclusion of the hearing, this Court GRANTED the bill of costs as to the following items: fees for the service of summons and subpoena ($373.78); fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($10,453.11); fees for witnesses ($94.39); and fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case ($3,157.70). That amount totals $14,078.98, and this Court found those amounts to be proper under 28 U.S.C. § 1920.

For the reasons stated at the hearing and for the reasons set forth below, this Court GRANTS IN PART the original defendants' bill of costs, DENIES the request for expert witness fees as stated in the bill of costs, and hereby DIRECTS the original defendants to file an amended bill of costs.

A. Role of Indigency

The plaintiffs contend that the bill of costs presents a substantial burden, and that they cannot afford to pay them. That argument however, falls short for two reasons. First, the plaintiffs have not filed any proof of their indigency, or at the very least any evidence as to their inability to pay the bill of

6

costs. Second, indigency of a party, standing alone, generally is not enough to excuse payment of the bill of costs. See, e.g., Flint v. Haynes, 651 F.2d 970, 973 (4th Cir. 1981); Collins v. TIAA-CREF, 2010 WL 381143, at *1 (W.D.N.C. Sept. 27, 2010). As the Fourth Circuit has stated, "[n]on-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it.' We see no reason to treat indigents differently in this respect." Flint v. Haynes, 651 F.2d at 973 (quoting Carroll v. United States, 320 F. Supp. 581, 582 (S.D. Tex. 1970)). The plaintiffs have not demonstrated that they are either indigent, or at least that the amount owed under the bill of costs poses a significant burden. Therefore, their argument as to indigency does not defeat the presumption that the original defendants are entitled to costs.

B.  Apportionment of Costs as to Counterclaim

Regarding the counterclaim, the plaintiffs appear to argue that neither the original defendants nor the plaintiffs prevailed on their claims. At trial in this civil action, the original defendants pursued a counterclaim for defamation against plaintiffs Kraina and American Heartland Port, Inc. See ECF No. 551. Ultimately, the original defendants, through the jury verdict, did not prevail as to their counterclaim. Because the parties did not prevail, the plaintiffs believe that both parties cannot recover their costs.

7

When neither party prevails on their claims, some courts have held that the parties should bear their own costs. See Royal Surplus Lines, Ins. Co. v. Coachmen Industries, Inc., 229 F.R.D. 695, 698 (M.D. Fla. 2005); Magee v. McNany, 95 F. Supp. 675 (W.D. Pa. 1951). In Scientific Holding Co. v. Plessy, Inc., however, Judge Henry J. Friendly for the United States Court of Appeals for the Second Circuit described such a ruling as "too wooden a view." 510 F.2d 15, 28 (2d Cir. 1974) (finding defendant prevailed because "[l]ittle trial time was spent on the counterclaim," and that "a defendant who successfully fends off a large claim may be awarded costs despite failure to prevail on a counterclaim."). Further, this Court possesses broad discretion to award or deny costs "where each of the parties has prevailed on one or more of its claims, defense or counterclaims." Johnson v. Nordstrom-Larpenteur Agency, Inc., 623 F.2d 1279, 1282 (8th Cir. 1980).

This Court agrees with the view of Judge Friendly. In this case, the counterclaim litigated by the original defendants was narrowly presented and involved only a minor portion of the trial. Indeed, the counterclaim as it proceeded to verdict at trial pertained to a newspaper editorial, and was only pursued against Kraina and American Heartland Port. The trial in this case, however, heavily focused on the plaintiffs' claims against the defendants. Further, as the original defendants identified at the hearing, the costs sought pertained almost exclusively to defending

8

against the plaintiffs' claims. Requiring the parties in this case to bear their respective costs is frankly too rigid and too "wooden" a view. Therefore, the plaintiffs' argument fails as to the apportionment of costs to the counterclaim. Based on the discretion possessed by this Court, the original defendants have "prevailed" for purposes of obtaining costs related to the counterclaim.

C. Expert Witness Costs and Fees

Under the bill of costs, it states that "other costs" amount to $47,157.67. Those costs include miscellaneous costs[5] and expert witness fees. The miscellaneous costs totaled $11,412.17, and the expert witness fees totaled $35,745.50. ECF No. 504. Pursuant to the original defendants' reply to the plaintiffs' objections, the request for miscellaneous costs was withdrawn. Therefore, the only remaining items under the "other costs" category are for the expert witness fees.

The law within the Fourth Circuit makes it clear that the original defendants cannot obtain the expert witness fees as requested under their bill of costs. Title 28, United States Code, Section 1821(b) provides a statutorily authorized maximum for the attendance fee of a witness at trial or at a deposition. The

---

[5]The miscellaneous costs are identified by the original defendants as the following: postage/courier, phone calls/conference calls, research and investigations, travel, mediation fees/expenses, lunch for deposition preparation, copies of DVDs, and video editing. ECF No. 504.

9

statute states that a "witness shall be paid an attendance fee of $40 per day for each day's attendance." Further, it allows for a "travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed." 28 U.S.C. § 1821(c)(2). That mileage allowance equals $0.56 per mile, pursuant to the mileage rates effective in July 2014 when the trial occurred. The Fourth Circuit has stated that "in this circuit a district court **may not grant** a witness fee beyond that provided for by other applicable statutes." Sevigny v. Dicksey, 846 F.2d 953, 959 (4th Cir. 1988) (noting that district courts used to have the discretion to award expert fees for costs not addressed in § 1821, but that authority now generally is absent pursuant to the statute) (emphasis added). Based on the statute and applicable case law, the original defendants cannot obtain the expert witness costs under their bill of costs, which total $35,745.50, but can only obtain those witness fees and costs pursuant to 18 U.S.C. § 1821.

## IV. Conclusion

For the reasons set forth above and at the hearing for the bill of costs, the bill of costs filed on behalf of defendants American Port Holdings, Inc., Daniel Dickerson, Andrew S. Fellows, Stanley Ballas, James Martodam, and James C. Breckinridge is GRANTED as to following items: fees for the service of summons and subpoena ($373.78); fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($10,453.11);

fees for witness ($94.39); and fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case ($3,157.70), which totals $14,078.98, not considering the fees and costs allowed under 18 U.S.C. § 1821.

Further, the expert witness fees set forth in the current bill of costs (ECF No. 504) are DENIED. The original defendants are hereby DIRECTED to file an amended bill of costs. That amended bill of costs should state the following: (1) the costs that this Court has granted as set forth above; (2) omit the withdrawn "other costs" pursuant to the original defendants' response to the plaintiffs' objections (ECF No. 520 *6); and (3) provide the appropriate expert witness fees as authorized under 28 U.S.C. § 1821. The amended bill of costs must also identify the defendants on whose behalf it is filed.

It should be noted that by granting in part the costs discussed above, those costs are not yet taxed. This Court will decide when the costs may be taxed upon review of the amended bill of costs and any associated filings.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      February 3, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE